IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| LINDA HILL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:06CV00962 SWW |
| | * | |
| ARKANSAS DEPARTMENT OF EDUCATION, ET AL., | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

**Memorandum Opinion and Order**

Before the Court is a motion to dismiss filed by defendants Arkansas Department of Education, T. Kenneth James, and Annette Barnes. Plaintiff responded to the motion. For the reasons stated below, the motion is granted in part and denied in part.

**Background**

According to the allegations of her complaint, Linda Hill has been employed at the Arkansas Department of Education ("ADE") since 1998. On February 4, 2002, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and unlawful retaliation. Plaintiff claims that after she filed that charge, she was subjected to race and gender discrimination and retaliation, and was denied promotions. On January 10, 2006, Hill filed another EEOC charge, alleging race and gender discrimination and retaliation. She asserts that since filing the 2006 charge, she has continued to experience discrimination and retaliation. On May 15, 2006, the EEOC issued a Dismissal and Notice of Rights regarding the January 10 charge. Plaintiff Hill filed an initial complaint in this Court on August 14, 2006, and an amended complaint on September 1, 2006.

Plaintiff Hill alleges race and gender discrimination and retaliation, and brings this action pursuant to Title VII of the Civil Rights Act of 1965, as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. §§ 1981 and 1983.  As defendants, Hill names the ADE; T. Kenneth James, Commissioner of the ADE, in his official capacity; Annette Barnes, an employee of the ADE, in her individual and official capacities; and Ed Jones, an employee of the ADE and her supervisor, in his individual capacity.[1]

Defendants ADE, James, and Barnes move for dismissal pursuant to Fed. R. Civ.P. 12(b)(6), failure to state a claim.  They argue Hill's Title VII claims against James and Barnes in their individual capacities should be dismissed because they are not "employers" as defined by Title VII; her §§ 1981 and 1983 claims against the ADE and against James and Barnes in their official capacities should be dismissed based on sovereign immunity and because they are not considered "persons" under the acts; her §§ 1981 and 1983 claims against the ADE and James should be dismissed because supervisors cannot be held vicariously liable for an employee's unconstitutional activity; her Title VII and §§ 1981 and 1983 claims should be dismissed for failure to state a prima facie case of discrimination or retaliation; and her punitive damages claims against Barnes should be dismissed pursuant to § 1981a(b)(1) and because Hill failed to allege malice or reckless indifference.

**Standard of Review**

In deciding a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, all facts alleged in the complaint are assumed to be true. *Doe v. Northwest Bank Minn., N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997).  The complaint must

---

[1] Separate defendants ADE, James, and Barnes, state that as of September 26, 2006, Jones had not been served.

be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed unless it is clear beyond doubt that the plaintiff can prove no set of facts thereunder which would entitle him or her to relief. *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996). The Court may grant a motion to dismiss on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

A motion to dismiss is not a device for testing the truth of what is asserted or for determining whether the plaintiff has any evidence to back up what is in the complaint. *ACLU Foundation v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims, irrespective of a judge's disbelief of a complaint's factual allegations or a judge's belief that the plaintiff cannot prove what the complaint asserts. *Id. See also Hickman v. Tosco Corp.*, 840 F.2d 564, 565 (8th Cir. 1988); *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982). Thus, a motion to dismiss should be granted "as a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## Discussion

**1.     Title VII**

Individual employees, including supervisors, may not be held personally responsible under Title VII. *See Spencer v. Ripley County State Bank,* 123 F.3d 690 (8th Cir. 1997). In response to defendants' motion to dismiss her Title VII claim against James and Barnes, Hill points out that she brings her Title VII only against her employer, the ADE. *See* Am.Compl. ¶8.

Defendants also seek dismissal of Hill's Title VII claim on the basis that her complaint fails to set forth a prima facie case of discrimination. In *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002), the Supreme Court held that a complaint in an employment discrimination lawsuit need not set out the elements of a prima facie case as spelled out in *McDonnell Douglas Corp. v. Green* in order to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Thus, defendants' motion to dismiss Hill's Title VII claim should be denied.

**2.     Claims Brought Pursuant to 42 U.S.C. §§ 1981 and 1983**

Defendants argue Hill's §§ 1981 and 1983 claims against James and Barnes are barred by sovereign immunity and because they are not "persons" under the Act. Section 1981 bars discrimination in the making and enforcing of contracts. 42 U.S.C. § 1981. "A federal action to enforce rights under § 1981 against a state actor may only be brought pursuant to § 1983." *Artis v. Francis Howell North Band Booster Ass'n,* 161 F.3d 1178, 1181 (8th Cir. 1998). Therefore, Hill's § 1981 claims against defendants should be dismissed.

A § 1983 damages claim against a state officer in his official capacity is the same as a suit against the state itself. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). The Eleventh Amendment bars such suits against a state unless the state has waived that immunity or Congress has abrogated it under § 5 of the Fourteenth Amendment. *Id.* at 66. The State of Arkansas has not waived its immunity, and Congress has not abrogated Arkansas' Eleventh Amendment immunity under 42 U.S.C. § 1983. *See Quern v. Jordan,* 440 U.S. 332, 345 (1979). Therefore, Hill's § 1983 claims for monetary damages against James and Barnes in her official capacity should be dismissed. The motion should be denied as to her claim for injunctive relief against defendants in their official capacities. *See Will v. Michigan Dep't of State Police,* 491

U.S. 58, 71 n.10 (1989)(state official in his or her official capacity when sued for injunctive relief is a "person" under § 1983).

### 3.     Punitive Damages

Defendants seek dismissal of Hill's punitive damages claim on the basis that 42 U.S.C. § 1981a(b)(1) exempts governmental agencies from judgments for punitive damages. However, plaintiff states she seeks punitive damages only against Barnes in her individual capacity, and the Court will not dismiss the punitive damages claim at this time.  The Court further finds Hill's complaint satisfies the requirements of Fed.R.Civ.P. 8(a) because it gives defendants fair notice of the basis for her claim for punitive damages.  *See Swierkiewicz, supra,* 534 U.S. 506, 514 (2002).

### Conclusion

IT IS THEREFORE ORDERED that the motion to dismiss [docket entry 5] is granted in part and denied in part.  The motion is granted to the extent that plaintiff's claims for monetary damages against defendants in their official capacities under § 1983 are dismissed and her § 1981 claims are dismissed.  The motion is denied as to all other claims.

DATED this 25th day of October 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE